USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/19/2022___

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPPENHEIMER & CO. INC., ) | |
| ) | |
| Plaintiff, ) | No. 22-cv-1132-AT |
| ) | |
| v. ) | Judge Analisa Torres |
| ) | |
| INVACARE CORPORATION, ) | Magistrate Judge Katharine Parker |
| ) | |
| Defendant. ) | |
| ) | |

### STIPULATED PROTECTIVE ORDER

Pursuant to the parties' joint request that the Court enter an order pursuant to Federal Rule of Civil Procedure 26(c), and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of the above-captioned litigation (the "Action"), the Court hereby **ORDERS** that:

1. **Scope**. This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity" or "Producing Party") has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY " (either a "Confidentiality Designation" or collectively the "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Confidential Information").

2. **Purpose**. The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3.       **Disclosure Defined**. As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4.       **Designating Material**

(a)       **Designating Material as Confidential**. Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(b)       **Designating Material as Attorneys' Eyes Only**. Any party, or any third party subpoenaed by one of the parties, may designate as Attorneys' Eyes Only and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4(a), but as to which the Producing Entity also asserts in good faith that the information is so competitively

sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity.

     5.    **Form and Timing of Designation**

     (a)    **Documents and Written Materials**. The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

     Information contained in responses to interrogatories or other discovery requests or responses may be designated by prominently marking every page of such documents containing the information with the chosen Confidentiality Designation.

     (b)    **Electronically Stored Information ("ESI")**: If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party" or "Receiving Entity") using a reasonable identifier (*e.g.*, the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY."

     (c)    **Deposition Testimony**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the final deposition transcript. Such designation must indicate which Confidentiality Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that

Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation.

(d)   **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents that are designated Confidential or Attorneys' Eyes Only, or any individual portion of such a document or testimony, shall be affixed with the appropriate Confidential Designation, if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

(e)   **Failure to Designate.** If timely corrected, a failure to designate Confidential Information does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order. The Producing Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of a failure to designate by the designating party.

6.   **Limitation of Use**

(a)   **General Protections**. All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party

shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

        (b)    **Persons to Whom Information Marked "Confidential" May Be Disclosed**. Use of any information, documents, or portions of documents marked "CONFIDENTIAL," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

        (i)    outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

        (ii)    in-house counsel for the parties, and the administrative staff for each in-house counsel;

        (iii)    employees, directors, officers, or managers of any party, but only to the extent necessary to further the interest of the parties in this litigation;

        (iv)    independent consultants or expert witnesses retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A;

(v)       court reporters, videographers, and remote deposition technicians engaged for depositions, but only after such persons have completed the certification contained in Attachment A;

(vi)      the Court and its personnel;

(vii)     the authors and recipients of the documents, or any person who otherwise possessed or had access to the document outside of the context of this litigation, but only as to the document(s) the person authored, received or otherwise possessed or had access to outside the context of the litigation;

(viii)    employees of copy services, database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

(ix)      mediators and the administrative staff of mediators;

(x)       other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL," any person listed under paragraph 6(b)(iii), 6(b)(iv), 6(b)(v), 6(b)(viii), or 6(b)(x) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Order.

(c)       **Persons to Whom Information Marked "Attorneys' Eyes Only" May Be Disclosed**. Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(i)     outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

(ii)    one designated representative from in-house counsel for each party;

(iii)   independent consultants or expert witnesses retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A;

(iv)    court reporters, videographers, and remote deposition technicians engaged for depositions, but only after such persons have completed the certification contained in Attachment A;

(v)     the Court and its personnel;

(vi)    the authors and recipients of the documents, or any person who otherwise possessed or had access to the document outside of the context of this litigation, but only as to the document(s) the person authored, received or otherwise possessed or had access to outside the context of the litigation;

(vii)   employees of copy services, database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

(viii)  mediators and the administrative staff of mediators;

(ix)    other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A.

Prior to being shown any documents produced by another party marked "ATTORNEYS' EYES ONLY," any person listed under paragraph 6(b)(iii), 6(b)(iv), 6(b)(vi), 6(b)(vii), or 6(b)(ix)

shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

7. **Filing Materials Containing Information with a Confidentiality Designation**. In the event a party seeks to file with the Court any Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the requirements in the Court's Standing Orders, Individual Practices, and/or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and public disclosure of any documents produced or use in discovery or at trial.

When a party to this Order seeks to file documents which it believes may warrant sealing but is not the party who may be prejudiced by the document(s) becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing.

8. **Disputes As to Designations**. Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this

Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete nondisclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

9.      **Information Security Protections**. Any person in possession of Confidential Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law

enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

10. **Public Hearings**. Pretrial proceedings and hearings (collectively, a "Public Hearing" or "Public Hearings"), are presumptively open to the public. Absent further order of the Court, there will be no restrictions on any party's ability to use during a Public Hearing any document or information that has been marked with a Confidentiality Designation or documents or information derived therefrom that would disclose such confidential information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the party or entity that made the Confidentiality Designation at least (5) five days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information or, if this timeframe is not available, at a reasonable timeframe in advance of such Public Hearing such that the parties may address the merits of the designation with the Court. In no event shall such advance notice be provided less than two business days before any Public Hearing. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at proceedings, or sealing of the courtroom, if appropriate. This paragraph shall not apply to the use of confidential information at trial which shall be addressed at the Final Pretrial Conference.

11. **Return or Destruction of Materials upon Termination of Litigation**. Upon the written request of the Producing Entity, within thirty (30) days after the (i) entry of a final judgment no longer subject to appeal on the merits of this case; (ii) final disposition of an application for attorneys' fees and expenses; or (iii) finalization of a settlement that is no longer subject to appeal,

whichever comes later, the parties and any person authorized by this Protective Order to receive Confidential Information shall return to the Producing Entity, or destroy, all information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The Producing Entity's request for the return of Confidential Information shall be limited to requests for the return of physical media used to transmit the confidential information, such as the return of a hard drive, and if the Producing Entity requests the return of materials, rather than the destruction of the materials, the Producing Entity shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of confidential information, except as permitted by this Order.

12.    **Counsel Allowed to Retain Copy of Filings**. Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may retain and use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

13.    **No Prior Judicial Determination**. This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this Action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.     **Rule 502(d) Order**. Pursuant to Fed. R. Evid. 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any information that is protected by the attorney-client privilege or work-product protection ("Protected Document"), as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the particular action in which the disclosure is made, or any other federal or state proceeding, for either that Protected Document or the subject matter of that Protected Document, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Protected Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

(b)     The parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(l) and (2). That is, all disclosures not made to support an affirmative use of the Protected Document in support of a party's claim or defense shall be regarded as "inadvertent," and, subject to (c) below, the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure."

(c)     If the underlying claim of privilege or protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of privilege or protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(l) and (2) but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Protected Document once the producing party had actual

knowledge of (i) the circumstances giving rise to the claim of privilege or protection and (ii) the disclosure of the Protected Document in question.

(d)     If, during this action, a party determines that any Protected Document disclosed by another party, or a non-party pursuant to a subpoena issued by a party in this action, is or may reasonably be subject to a legally recognizable privilege or evidentiary protection:

(1)     the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range; and (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall take reasonable steps to sequester and limit access to the Protected Document within the review database, pending a determination of a claim of privilege in accordance with Section 14(c). Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the producing party's documents to identify potentially Protected Documents.

(2)     If the Producing Party intends to assert a claim of privilege or other protection over information identified by the Receiving Party as Protected Documents, the producing party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the

Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall provide the Receiving Party a redacted copy that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e)     If, during this action, a party, or a non-party that has produced documents pursuant to a subpoena issued by a party in this action, determines it has produced a Protected Document:

(1)     the Producing Party must notify the Receiving Party of such production and demand the return of such information. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall provide the Receiving Party a redacted copy of the information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(2)     The Receiving Party must, within 10 days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the

receiving party, the Receiving Party shall take reasonable steps to sequester and limit access to the Protected Document within the review database, pending a determination of a claim of privilege in accordance with Section 14(c). Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party except in connection with motion practice relating to a challenge of the asserted protection.

(f)     If the information contained in a Protected Document has already been disclosed in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the Producing Party as set forth in Sections 14(c)(2) and 14(d)(1), then the Receiving Party shall sequester such information until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the disclosure or production of the Protected Documents, standing alone, acts as a waiver of an applicable privilege or evidentiary protection.

(g)     Any party, or non-party that has produced documents pursuant to a subpoena from a party in this action, may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection in accordance with the Court's Standing Orders, Individual Practices, and/or other relevant orders. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any other purpose absent this Court's order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.

(i)     After the Court's determination that Protected Documents are protected by an applicable privilege or evidentiary protection, the Producing Party must provide an amended privilege log within ten (10) days of the Court's order setting forth such a determination.

(j)     Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, data (including ESI) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(k)     By operation of the parties' agreement and Court Order, the parties and non-parties are specifically afforded the protections of Fed. R. Evid. 502(d) and (e).

15.     **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

SO ORDERED.

Dated: August 19, 2022
       New York, New York

_____
Analisa Torres
United States District Judge
Southern District of New York

- 16 -

**AGREED TO:**                                    **Date: April 25, 2022**

<u>*/s/ Joseph J. Sullivan, III*</u>              <u>*/s/ Jeremy S. Dunnaback*</u>
Joseph J. Sullivan, III                           Daniel R. Warren (*pro hac vice*)
Law Offices of Joseph Sullivan, PLLC              Jeremy S. Dunnaback (*pro hac vice*)
30 Wall Street, 8ᵗʰ Floor                         Baker & Hostetler LLP
New York, NY 10005                                127 Public Square, Ste. 2000
(917) 905-1695                                    Cleveland, OH 44114
js@josephsullivanlaw.com                          (216) 861-7145
                                                  dwarren@bakerlaw.com
                                                  jdunnaback@bakerlaw.com
*Counsel for Plaintiff Oppenheimer*
*& Co., Inc.*                                     *Counsel for Defendant Invacare Corp*