USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2022

September 7, 2022

**VIA ECF AND E-MAIL (TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Hon. Analisa Torres
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse 15D
500 Pearl St.
New York, NY 10007-1312

Re:     *Oppenheimer & Co., Inc. v. Invacare Corp., No. 22-cv-1132 – Joint Motion for Stay of Discovery Pending Mediation*

Dear Judge Torres:

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Local Rule 7.1(d), and the Court's Individual Practices, plaintiff Oppenheimer & Co., Inc. ("Opco") and defendant Invacare Corporation ("Invacare") jointly seek a 60-day stay of discovery to mediate their dispute.

Opco filed its complaint on February 9, 2022, alleging Invacare breached the parties' letter agreement concerning financial advising and securities placement services. (ECF No. 1.) Invacare answered the complaint on April 11, 2022 (ECF No. 22), after which the Court entered a scheduling order. (ECF No. 24). Under the current case management schedule, the parties are required to complete discovery by October 17, 2022. (ECF No. 26.)

The parties request a 60-day stay of discovery to pursue mediation. This is the parties' first request for an adjournment. The Court previously granted the parties' joint request for an extension of fact discovery (*id.*), and Invacare's unopposed request for a 14-day extension of its deadline to answer the complaint (ECF No. 19).

Good cause exists to stay this case pending the outcome of mediation. In April, the parties reported to the Court that fact discovery was needed before meaningful settlement negotiations could take place. (Joint Ltr. 2, ECF No. 21.) Since then, the parties have substantially completed their document productions and exchanged responses to initial discovery requests. The parties now

Page 2

believe they have sufficient information to engage in good-faith settlement discussions and, to that end, recently exchanged formal settlement offers. On September 7, 2022, the parties agreed to continue their negotiations through a third-party mediator. The parties are currently in the process of selecting a meditator and are seeking to conduct a mediation as soon as practicable.

The parties seek a stay pending mediation to avoid the cost of upcoming depositions, which would become unnecessary should the parties resolve their claims through mediation. The parties are scheduled to take seven depositions over the next four weeks, with the first depositions starting on September 12 and 16, 2022.

Granting a stay for purposes of mediation would not unduly delay resolution of this case either. The parties do not need expert discovery and, "[a]bsent good cause, the Court will not ordinarily have summary-judgment practice in a non-jury case." (Court's Individual Practices III.C.i.) Thus, the parties will need only complete depositions and final written discovery before proceeding to a bench trial should mediation prove unsuccessful. Moreover, to ensure the parties are moving forward, they propose to submit a status report within 30 days to apprise the Court of the progress of their mediation efforts.

Accordingly, the parties respectfully request the Court grant a 60-day stay of discovery to pursue mediation of the claims in dispute.


Respectfully,


GRANTED.  The Court shall stay discovery in this case for 60 days, until **November 8, 2022**.  By **October 7, 2022**, the parties shall submit a joint status report.

SO ORDERED.

Dated: September 9, 2022
        New York, New York

_____
**ANALISA TORRES**
**United States District Judge**